UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| BENJAMIN S.[1], <br><br>            Petitioner, <br><br>   v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,[2] <br><br>            Respondent. | Case No.  1:21-cv-00414-CWD <br><br> **MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Petitioner Benjamin S. brings this action under the Social Security Act ("the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner").  The Commissioner denied Petitioner's application for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") under Title II of the Act.  42 U.S.C. § 401 *et seq.*  Following the Court's consideration of the Petition (Dkt. 1), the administrative record and the parties' submissions, and for the reasons that follow, the decision of the Commissioner will be affirmed.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Kilolo Kijakazi is substituted for Andrew Saul pursuant to Federal Rule of Civil Procedure 25(d).  Kijakazi became the Acting Commissioner of Social Security Administration on July 9, 2021.

**MEMORANDUM DECISION AND ORDER - 1**

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have the power to enter … a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted).  The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion."  *Martinez v. Heckler*, 907 F.2d 771, 772 (9th Cir. 1986).  "Where the evidence as a whole can support either a grant or denial, [the court] may not substitute [its] judgment for the ALJ's."  *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation").  "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence."  *Orn v. Astrue*, 495 F.3d. 625, 630 (9th Cir. 2007) (quotation omitted).

# BACKGROUND

## I.     Petitioner's Application

Petitioner alleges disability based on type II diabetes; loss of a kidney; irritable

bowel syndrome; an enlarged heart, liver, and spleen; arthritis; hernia; MRSA; stomach

issues; neuropathy; knee issues; prostate issues; and possible fibromyalgia.  AR 415.[3]  At

the time of his amended alleged onset date of March 13, 2018, he was 39 years of age.

*See* AR 375.  He has a general education development (GED) diploma and past relevant

work experience as a customer service representative and a cashier.  AR 29, 416.

Petitioner previously applied for DIB in 2010, 2011, and 2013.  AR 376-77.  This

Petition for review involves Petitioner's fourth claim for DIB and Title XVI supplemental

security income.  AR 17.  Petitioner protectively applied for DIB for the fourth time on

November 8, 2018, alleging an onset date of May 14, 2013.[4]  AR 17.  His application was

denied initially on April 12, 2019, and on reconsideration on August 21, 2019.  AR 17.

Petitioner requested and obtained a hearing on January 7, 2021, before Administrative

Law Judge ("ALJ") Wynne O'Brien-Pearsons.  AR 30, 214-229, 275-79.  Petitioner

appeared and testified at the hearing, represented by counsel; a vocational expert ("VE"),

Bob Zadow, also testified.  AR 72-101.  On February 16, 2021, the ALJ issued a decision

finding Petitioner not disabled.  AR 17-30.  Petitioner requested Appeals Council review,

---

[3] Citations to "AR" are to the Administrative Record. (Dkt. 10.)

[4] At the hearing before ALJ O'Brien-Pearsons on September 20, 2019, Petitioner requested to amend the alleged onset date to March 13, 2018.  AR 17, 77-78.  This request was granted on the record.  *Id.*

which was denied on September 3, 2021.  AR 1-6.  Petitioner timely sought review before the Court.[5]

## II.   Sequential Disability Process

The initial burden of proof rests upon the claimant to establish disability.  *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected… to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Commissioner has established a five-step process for determining whether a person is disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.  At the step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled.  *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 414.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments."  *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(c).  A severe impairment is one "which significantly limits [the claimant's] physical and mental ability to do basic work activities[.]"  20 C.F.R. §§ 404.1520(c), 416.920(c).  If not, the claimant is not disabled.  *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges as

---

[5] The parties consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636. (Dkt. 8.)

**MEMORANDUM DECISION AND ORDER - 4**

severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disable; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141. At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations their impairment impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c).

At step four, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, the claimant is not disabled; if they cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert,* 482 U.S. at 146 n. 5.

Finally, at step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f). If the Commissioner meets this burden, then the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## III.    The ALJ's Decision

At step one, the ALJ determined that Petitioner had not engaged in substantial gainful activity after his alleged onset date of March 13, 2018. AR 20. Therefore, the ALJ continued with the sequential process. *Id.*

At step two, the ALJ determined that Petitioner has the following severe impairments: "diabetes mellitus type II with diabetic peripheral neuropathy, retinopathy,

recurrent ulcers, obesity, residuals of left knee surgical repair, cervical degenerative disc disease, and residuals of right foot fraction and non-union."  AR 20.

At step three, the ALJ determined that Petitioner's impairments did not meet or medically equal the severity of a listed impairment.  AR 19.  The ALJ next assessed Petitioner's residual functional capacity ("RFC"), finding that Petitioner

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can only stand and/or walk for 4 hours in an 8-hour workday. He can sit for the remainder of the workday. When sitting, he requires the opportunity to stand and stretch for 1 to 2 minutes at 30-minute intervals. He can never climb ladders, ropes, or scaffolds but can perform all other postural activates occasionally. He would need to avoid concentrated exposure to extreme temperatures, humidity, wetness, workplace hazards, and noise. He must avoid even moderate exposure to vibrations. He could frequently handle and finger with the bilateral upper extremities.

AR 124.

At step four, the ALJ found that Petitioner could perform his past relevant work as either a customer service representative or a cashier.  AR 29.  Because the ALJ found that Petitioner could work, the ALJ found that Petitioner is not disabled.

## DISCUSSION

Petitioner contends that the ALJ committed three errors.  First, Petitioner argues that the ALJ improperly rejected medical opinions under the "supportability" and "consistency" standard.  Pet'r's Open. Br. 6-13, (Dkt. 13.)   Second, Petitioner contends that the ALJ improperly rejected Petitioner's subjective symptom testimony without offering clear and convincing reasons for doing so.  *Id.* at 13-16.  Third, Petitioner argues that the ALJ erred in the RFC finding, due to a lack of supporting evidence in the record.

**MEMORANDUM DECISION AND ORDER - 6**

*Id.* at 16-19.  The Court finds that the ALJ committed legal error.  Accordingly, as more fully explained below, the Court identifies the ALJ's material legal errors and will reverse the decision and remand the case for further proceedings.[6]

## I.     Medical Opinion Evidence

For claims filed on or after March 27, 2017, the revised regulations apply. *Revisions to Rules Regarding the Evaluation of Medical Evidence* (*"Revisions to Rules"*), 2017 WL 168819, 82 Fed. Red. 5844-01, at * 5867-68 (Jan. 18, 2017).  Under these regulations, the ALJ is no longer required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)."  20 C.F.R. § 404.1520c(a).  Instead, the ALJ must consider all the medical opinions in the record and evaluate each medical opinion's persuasiveness using factors.  *Id.*  The two most importance factors in determining a medical opinion's persuasiveness are the opinion's "supportability" and "consistency."  20 C.F.R. §§ 404.1520c(a), 416.920c(a).  The ALJ must articulate "how [he or she] considered the supportability and consistency of factors for a medical source's medical opinions… in [his or her] decision."  20 C.F.R. §§ 404.1520c(b)(2), 416.1520c(b)(2).

With regard to supportability, the "more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s), the more persuasive the medical opinions… will be."  20 C.F.R. §§

---

[6] The Court will not address the second and third issues because, as explained more fully below, resolution of the first issue obviates the need to address the remaining issues.

404.1520c(c), 416.920c(c)(2).  As to consistency, the "more consistent a medical opinion(s) is with the evidence from other medical sources in the claim, the more persuasive the medical opinion(s)… will be."  20 C.F.R. §§ 404.1520c(c)(2), 416.320c(c)(2).  The ALJ is not required to explain how they considered other factors, unless the ALJ finds that two or more medical opinions about the same issue are equally well-supported and consistent with the record but not identical.  *See* 20 C.F.R. §§ 404.1520c(b)(3), 416.1520c(b)(3).  Moreover, in reviewing the ALJ's decision, the Court must consider whether the ALJ's analysis has the support of substantial evidence.  *See* 42 U.S.C. § 405(j); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).

The revised regulations do not, however, upend the Ninth Circuit's entire body of caselaw relating to medical evidence, which remains binding on this Court.  For example, it remains true that ALJs may not cherry-pick evidence in discounting a medical opinion.  *Ghanim*, 763 F.3d at 1162; *see also Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (reversing ALJ's selective reliance "on some entries in [the claimant's records while ignoring] the many others that indicated continued, serious impairment").  Nor may the ALJ dismiss medical opinions without providing a thorough, detailed explanation for doing so:

> To say that medical opinions are not support by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim.  The ALJ must do more than offer his own conclusions.  He must set forth [her] own interpretation and explain why they, rather than the doctors', are correct.

*Regenmitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) (citation omitted).

In other words, although the revised regulations eliminate the previous hierarchy of medical opinion testimony that gave special status to treating physicians, the ALJ still must provide sufficient reasoning for federal courts to engage in meaningful appellate review. *See Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (explaining that "a reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection" of certain evidence); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.").

A.  *Joshua Chong, D.O.*

Petitioner challenges the ALJ's assessment of the opinions of Joshua Chong, D.O, as set forth in his January 2021 "Medical Assessment of Ability to Do Work-Related Activities (Physical)." Pet'r's Open. Br. 6-13. Dr. Chong served as Petitioner's treating care provider and opined that Petitioner's severe impairments and associated symptoms, such as chronic joint pain, umbilical hernia issues, hypoxia, residual exertional dyspnea, and peripheral neuropathy with chronic pain, would limit Petitioner to working four hours per eight-hour workday and would result in Petitioner being absent from work approximately fifteen days per month. AR 2668.

The ALJ found the opinions of Dr. Chong unpersuasive for three reasons: (1) Dr. Chong "focuse[d] on limitations to an umbilical hernia that are not consistent with the

record as a whole;" (2) the opinion about Petitioner's inability to stand or walk during the workday and frequent absenteeism was not consistent the physical examination findings in the record; and (3) the opinions were not supported by "specific medical findings or objective medical evidence and [was] instead premised on precautions pending a future surgery."  AR 28.

Ultimately, the ALJ found the opinions in Dr. Chong's assessment in January 2021 unpersuasive as lacking consistency and supportability.  On consistency, the ALJ found that Dr. Chong's assessment was inconsistent with the record because the opinion focused on the limitations attributed to Petitioner's umbilical hernia.  *Id.*  Additionally, the ALJ found Dr. Chong's opinion of Petitioner's significant absenteeism and inability to stand or walk during the workday inconsistent with the record indicating interventions related to his lower extremities.  *Id.*  On supportability, the ALJ explained that the January 2021 statement in the "Medical Assessment of the Ability to Do Work-Related Activities (Physical)" lacked support by reference to specific medical findings.  *Id.*

The ALJ's first reason for finding Dr. Chong's opinions inconsistent with the record as a whole mischaracterizes what was provided in the completed medical questionnaire.  The Commissioner argues that Dr. Chong's conclusions are not supported by the record evidence, because all but one category of limitations was based on Petitioner's temporary condition—the umbilical hernia.  Resp.'s Br. 5.  The Commissioner argues the ALJ was, therefore, reasonably justified in finding that such limitations were temporary restrictions.  *Id.*  In response, Petitioner contends that Dr.

Chong did not mention Petitioner's umbilical hernia as the exclusive impairment limiting Petitioner's overall ability to persist.  Pet'r's Open. Br. 9.

Although Dr. Chong noted that only the umbilical hernia impaired Petitioner's ability to lift and carry and would only limit such abilities until the hernia could be surgically repaired, Dr. Chong also noted other limitations for standing, walking, and other postural activities were due to chronic joint pain, neuropathy, hypoxia, and residual exertional dyspnea.  *See* AR 2668-2670.  Further, the ALJ failed to reconcile how the failed hernia repair from May of 2019 would continue to impair Petitioner's postural abilities, most specifically Petitioner's ability to lift and carry.  *See* AR 1762, 2522.

The Court also finds that the ALJ failed to offer a specific and legitimate reference to the record supporting the conclusion that Dr. Chong's opinion of Petitioner's significant absenteeism and inability to work more than four hours per day, unless seated, was inconsistent with the record as a whole.  In finding Dr. Chong's opinion unpersuasive, the ALJ relied on  Petitioner's "grossly intact ability to ambulate."  AR 28.  First, the ALJ did not provide specific and legitimate reasons for rejecting Dr. Chong's report of Petitioner's significant absenteeism.  Rather, the ALJ merely offered the conclusory statement that, despite the reports of significant absenteeism, the record as a whole supports that Petitioner has the ability to ambulate.  *Id.*  The Commissioner contends that Petitioner's work history from 2019 and 2020 supports the ALJ's conclusion that Dr. Chong's finding of significant absenteeism was inconsistent with the record.  Resp.'s Br. 6 (citing AR 78-79, 491).  However, the ALJ did not reference Petitioner's work history when discounting Dr. Chong's finding that Petitioner would be

**MEMORANDUM DECISION AND ORDER - 11**

absent from work approximately fifteen days per month.  When reviewing the ALJ's

disability determination, the Court may not affirm the ALJ on a ground upon which the

ALJ did not rely.  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v.

Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).  Therefore, the Court cannot find that the

ALJ's conclusion was proper and well-supported when the ALJ failed to provide specific

citations to the record when discounting Dr. Chong's opinion.

Second, the ALJ did not cite any specific or legitimate reasons for rejecting Dr.

Chong's opinion of Petitioner's inability to stand or walk consistently throughout the

workday.  Similar to finding Dr. Chong's report of significant absenteeism inconsistent,

the ALJ also concluded that Dr. Chong's report of Petitioner's inability to work for an

entire workday unless seated was inconsistent with the entire record without citing to

specific contradictory evidence.  In finding this portion of Dr. Chong's opinions

inconsistent with the record as a whole, the ALJ did not offer specific medical evidence

found in the record, but rather generalized that Petitioner maintained the ability to

ambulate.  AR 28.  Rather than citing to specific portions of the record, the ALJ stated a

conclusion that Petitioner maintained an ability to ambulate despite past interventions to

his lower extremities.  The Commissioner contends that, because Petitioner demonstrated

normal gait during physical examinations, the ALJ was justified in finding Dr. Chong's

opinion inconsistent with the record.  Resp.'s Br. 6 (citing AR 547, 600, 602, 624, 626,

628, 1271, 1274, 1277, 1284, 1307, 1360, 1362, 1384, 1386, 1738, 1742, 1806, 1809,

1812, 1815, 1976, 2126, 2214, 2259, 2515, 2529, 2534, 2541, 2550, 2557, 2563, 2575).

**MEMORANDUM DECISION AND ORDER - 12**

However, the ALJ did not reference Petitioner's normal gait demonstrated during physical examinations when discounting Dr. Chong's opinion that Petitioner would be unable to work through the workday unless seated.  Upon review of the ALJ's determination, the Court may not affirm the ALJ on a ground upon which the ALJ did not rely.  *Orn*, 495 F.3d at 630 (citing *Connett*, 340 F.3d at 874).  Therefore, the Court cannot find that the ALJ's conclusion was proper and well-supported when the ALJ failed to provide specific citations to evidence in the record when discounting Dr. Chong's opinion.

Finally, the ALJ's finding that the opinions in Dr. Chong's January 2021 report as lack supportability by reference to specific medical findings was not properly explained. An ALJ "may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions." *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012)).  However, a physician's opinion in the form of check-box questionnaire is not a proper basis for rejecting an opinion if it is supported by treatment notes or other medical evidence.  *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (even though treating physician's assessments were of the "check-box" form and contain almost no detail or explanation, the record of his own extensive treating notes supported physician's opinions); *Garrison v. Colvin*, 759 F.3d 995, 1014 n. 17 (9th Cir. 2014) (ALJ erred by rejecting check-box forms opinions because they "reflected and were entirely consistent with the hundreds of pages of treatment notes created by [the physicians] in the course of their relationship with [the claimant]"); *Esparza v. Colvin*, 631 Fed. App. 460, 462 (9th Cir. Nov. 25,

2015); *Flowers v. Colvin*, Case No. 3:16-cv-05025 JRC, 2016 WL 4120048, at \*4 (W.D. Wash. Aug. 3, 2016) ("the ALJ erred in rejecting [medical] opinions reflected on checked boxes, which were supported by his examination notes and clinical findings").

Here, the ALJ erred by summarily rejecting Dr. Chong's check-box answers in the report without considering Dr. Chong's extensive treatment notes in the record and the clinical findings from other providers considered by Dr. Chong. Even though Dr. Chong did not attach any specific treatment notes or clinical findings to the January 2021 answers to the report, the record is replete with years of treatment notes and clinical findings made by Dr. Chong, as well as treatment notes by other providers and wound care treatment visits. *See* AR 1283-86, 1739, 2232-36, 2515-63.

Overall, the Court finds the ALJ failed to articulate the bases for finding Dr. Chong's opinion unpersuasive with specific and legitimate reasons. "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings. The ALJ must do more than state conclusions. [S]he must set forth his own interpretations and explain why they, rather than the doctors', are correct.'" *Garrison*, 759 F.3d at 1013 (internal citations omitted). "Simply stating that a medical opinion is generally consistent (or inconsistent) with the medical records without specifically discussing the consistency of such findings with the rest of the record does not make it so. *Jones v. Comm'r of Soc. Sec. Admin.*, 1:19-cv-00109-REB (D. Idaho 2020).

B.  *Dr. Myung Song and Dr. Leslie Arnold*

**MEMORANDUM DECISION AND ORDER - 14**

Petitioner does not challenge the ALJ's assessments of the opinions of two state agency consultants, Drs. Myung Song and Leslie Arnold.  Pet'r's Open. Br.  6-13.  Rather, Petitioner contends that the ALJ's findings of Drs. Song's and Arnold's opinions as "generally persuasive," absent regard for the opinion of Dr. Chong, do not accurately reflect the record as a whole—specifically, Petitioner's worsening conditions in 2020 and 2021.  Dr. Song opined that Petitioner could work at light exertional levels with occasional postural limitations for activities such as climbing, balancing, stooping, kneeling, crouching, and crawling.  AR 110-12.  Dr. Arnold's opinion of Petitioner's occasional postural limitations mirrored that of Dr. Song, but Dr. Arnold also opined that Petitioner is limited in his ability to handle and finger frequently.  AR 138-41.  The ALJ found the opinions "generally persuasive, as they are well-supported by review and summary of the available medical evidence and remain generally consistent with the record as a whole, including indications that [Petitioner] experienced only temporary worsening of his conditions in response to acute injuries and has otherwise remained stable with grossly normal physical status."  AR 29.

Petitioner argues that, by only considering the opinions of Drs. Songs and Arnold, the ALJ failed to consider the record as a whole.  The Court agrees.  Most precisely, the ALJ erred in considering the full context of Petitioner's worsening condition from his diabetes and his need for numerous medical visits in 2020 and 2021.  Accordingly, the ALJ failed to address the consistency and supportability of Dr. Chong's opinion with regard to either Dr. Song's opinion, Dr. Arnold's opinion, or Petitioner's daily activities.

*Corpuz v. Saul*, No. 2:19-cv-02401 AC, 2021 WL 795582 (E.D. Cal. Mar. 2, 2021) (unsupported and conclusory statements are insufficient).

While discounting Dr. Chong's opinions, the ALJ credited the opinions of the state agency consultants who opined that Petitioner could perform light work with postural limitations.  AR 28-29.  To the contrary of Dr. Chong's opinions, the ALJ gave considerable weight to the opinions of Drs. Song and Arnold, stating that "generally persuasive, as they are well-supported by review and summary of the available medical evidence and remain generally consistent with the record as a whole."  AR 29.  The ALJ did not, however, identify or discuss what evidence in the record supported the ALJ's conclusions, leaving the Court to guess at the bases for the ALJ's evaluation.  The Court is unable to surmise what records the ALJ relied upon and whether the ALJ accurately assessed those medical records when evaluating the opinion evidence.  This is especially apparent, given the mischaracterizations of the record elsewhere in the ALJ's decision.

More precisely, the ALJ did not address an apparent inconsistency in the opinion evidence.   In May of 2019, Dr. Song found that multiple of Petitioner's symptoms were related to his "poorly controlled [diabetes mellitus]" and "well-healed [bilateral] ulcers." AR 108.  In August of 2019, Dr. Arnold found that Petitioner had a recently repaired hernia and was recovering while suffering pain but without redness and swelling in his hands and feet.  AR 143.  Although Drs. Song and Arnold found these conditions resulted in some limitations in Petitioner's ability to perform work-related activities, such limitations would not be sufficiently severe to prevent Petitioner from performing his past relevant work.  AR 108, 143.  With these opinions, the ALJ characterized Petitioner's

**MEMORANDUM DECISION AND ORDER - 16**

condition and complications as "temporary" and "acute." AR 29. The ALJ, however, did not discuss or reconcile the medical evidence in the record that could indicate Petitioner's worsening condition in 2020 and 2021 was attributable his diabetes. For example, after Dr. Arnold's assessment of Petitioner's condition, Petitioner incurred 137 visits to medical providers to address a variety of medical conditions: diabetic management, wound care for difficult ulcerations, vitreous injections in his eyes, left knee surgery for meniscus repair; treatment for a non-healing foot fracture, and the failed hernia repair. AR 2232-36, 2515-63, 1934-65, 2390-2506, 2360-86, 1909, 2231-57, 215. The ALJ simply concluded, without explanation, that the opinions of Drs. Song and Arnold were consistent with the medical evidence in the record.

## II.    Additional Assignments of Error

Petitioner separately challenges the ALJ's assessment of Petitioner's symptom testimony and the RFC determination. Pet'r's Open. Br. 13-19. The errors discussed above, however, impacted the ALJ's consideration of Petitioner's symptom testimony and the RFC assessment. The ALJ's findings and disability determination were influenced by mischaracterizations of the medical opinion evidence and record relating to Petitioner's umbilical hernia and work history. Because the ALJ must first reconsider on remand the medical opinion evidence and potentially reassess Petitioner's symptom testimony and the RFC assessment, the Court will not address Petitioner's remaining challenges on appeal here.

## III.    Remand

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits.  *See, e.g., Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985).  Whether an action is remanded for further proceedings or for an award of benefits depends on the likely utility of additional proceedings.  *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000).  In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis.  *Garrison*, 759 F.3d at 1020.  Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence is credited as true, the ALJ would be required to find the claimant disabled on remand.  *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015).

Even if all the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]"  *Garrison*, 759 F.3d at 1021.  "Serious doubt" can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that evidence casts serious doubt" on whether the claimant is disabled under the Act.  *Dominguez*, 808 F.3d at 407 (citing *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014)) (internal quotations omitted).

Here, the first requisite is met based on the ALJ's harmful legal errors. As discussed above, the ALJ erred in evaluating the opinions of Dr. Chong.

**MEMORANDUM DECISION AND ORDER - 18**

As to the second requisite, the Ninth Circuit has held that remanding for proceedings rather than for an immediate payment of benefits serves a useful purpose where "the record has [not] been fully developed [and] there is a need to resolve conflicts and ambiguities." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal quotations and citations omitted).  Here, the Court finds the record sufficiently ambiguous, making remand for an immediate payment of benefits inappropriate.  Accordingly, this case will be remanded for further administrative proceedings to: (1) conduct a de novo review of the medical opinion evidence; (2) obtain additional VE testimony based on a reformulated RFC; and (3) conduct any further necessary proceedings. *See Burrell v. Colvin*, 75 F.3d 1133, 1141 (9th Cir. 2014).

"When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2018) (citing *Treichler*, 775 F.3d at 1099). "The decision of whether to remand a case for additional evidence, or simply to award benefits, is within the discretion of the court."  *Trevizo v Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)).

Here, Petitioner asks the Court to remand for an award of benefits on the basis of the present record.  Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  *Harman v. Apfel*, 211 F.3d at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings.").

**MEMORANDUM DECISION AND ORDER - 19**

However, where the circumstances of the case suggest that further administrative review could remedy the ALJ's errors, remand is appropriate. *Revels*, 874 F.3d at 668; *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011); *Harman*, 211 F.3d at 1179-81. Remand is also warranted where "the record as a whole creates serious doubt as to whether the [Petitioner] is, in fact, disabled within the meaning of the Social Security Act." *Burrell*, 775 F.3d at 1141; *see also Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004) (Where it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate.).

The Court finds the "rare circumstances that result in a direct award of benefits are not present in this case." *Leon v. Berryhill*, 880 F.3d 1041, 1147 (9th Cir. 2017). Here, remand for further administrative proceedings is appropriate and would serve a meaningful purpose as there is serious doubt as to whether Petitioner is in fact disabled when the record is viewed as a whole. *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015). Moreover, further administrative review could remedy the ALJ's errors. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017); *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011); *Harman*, 211 F.3d at 1179-81. The Court will therefore order remand for further proceedings.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED THAT:**

1. The Petition for Review (Dkt. 1) is **GRANTED**.

2. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

**MEMORANDUM DECISION AND ORDER - 20**

3.  This Remand shall be considered a "sentence four remand," consistent with 42

U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

DATED: November 15, 2022

Honorable Candy W. Dale
United States Magistrate Judge